IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ACCESSDATA CORPORATION, a Utah corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>ALSTE TECHNOLOGIES GmbH, a German limited liability company,<br><br>        Defendant. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:08 CV 569 (TC) |
| ALSTE TECHNOLOGIES GmbH, a German limited liability company,,<br><br>        Counterclaimants,<br><br>vs.<br><br>ACCESSDATA CORPORATION, a Utah corporation,<br><br>        Counterdefendants. | |

In this contract dispute, Plaintiff Accessdata Corporation (AccessData) argues that ALSTE Technologies (ALSTE) failed to pay for software that it received to resell in the European Union.  Although ALSTE admits that it received the software and that it has not submitted payment, ALSTE contends that the software was defective.  AccessData has moved

for summary judgment.[1]  Because there are disputed factual issues, the court DENIES the motion.

## BACKGROUND

AccessData, a Utah company, develops and sells software related to electronic evidence and cryptographic systems.  The Forensic Toolkit, is one of Access Data's software products.  The Forensic Toolkit is marketed as being able to help users with forensic investigations, including decryption and password cracking.

In May 2005, AccessData entered into a written agreement ("Reseller Agreement") with ALSTE, a German company.[2]  Pursuant to the Reseller Agreement, ALSTE would receive Forensic Toolkit software from AccessData for resale in German speaking parts of the European Union.  ALSTE's clients are primarily German law enforcement agencies and other entities that conduct criminal investigations.

At some point during development and testing of the Forensic Toolkit, ALSTE allegedly discovered that the software had "critical bugs and did not function properly." (Def.'s Mem. Opp'n Summ. J., 2.)  ALSTE allegedly notified AccessData about the problems and was promised that they would be fixed.  But, according to ALSTE, any efforts to fix the problems were unsuccessful.  ALSTE contends that the Forensic Toolkit is allegedly "virtually unusable as a forensic tool." (Id.)  In support of of its allegations, ALSTE has submitted the declaration of Tanja Giacovelli, an executive with the German company.  (See Decl. of Tanja Giacovelli, 3

---

[1]ALSTE originally filed a motion for summary judgment but later withdrew it.

[2]AccessData contends that the Reseller Agreement was automatically renewed for successive one year terms on December 31, 2005, December 31, 2006, and December 31, 2007. ALSTE argues that the Reseller Agreement terminated on December 31, 2006, when ALSTE allegedly refused to enter into a revised version of the contract despite AccessData's request. The court need not resolve this dispute.

(indicating that there were "several defects associated with the product" and that the defects "make the software unfit as a forensic tool")).

AccessData warranted in the Reseller Agreement that its software products, including the Forensic Toolkit, are "free from manufacturing defects under normal use for ninety (90) days from the date" that customers receive them. (Ex. B, 9, Def.'s Mem. Supp. Summ. J.) As part of the warranty, when a customer returns a defective product, AccessData guaranteed that it "shall replace the defective [p]roduct at no cost" to the reseller or the customer. (Id.) AccessData disclaimed all other express and implied warranties, including any warranty that its software products was fit for a particular purpose. (Id.)

Between November 2007 and May 2008, ALSTE received more than $83,804 worth of the Forensic Toolkit software. And although ALSTE admits that it has not paid for the software or returned it, the company contends that it should not be responsible for payment because the software provided is a defective tool.

## ANALYSIS

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Mosier v. Callister, Nebeker & McCullough, 546 F.3d 1271, 1275 (10th Cir. 2008); Kellogg v. Metro. Life Ins. Co., 549 F.3d 818, 825 (10th Cir. 2008). AccessData as the moving party bears the burden of demonstrating it is entitled to summary judgment, while ALSTE as the nonmoving party is given "wide berth to prove a factual controversy exists." Davidson v. Am. Online, Inc., 337 F.3d 1179, 1182 (10th Cir. 2003) (quotation omitted).

Here, AccessData argues that it is entitled to summary judgment because the undisputed

facts show that ALSTE breached the Reseller Agreement when it failed to submit payment for more than $83,804 in software that it received. But ALSTE contends that a genuine factual dispute exists about whether the software was defective.

When a product is allegedly defective, a party may have a claim under contract law for breach of warranty. "Breach of warranty is the general description of three causes of action that can be brought under the Uniform Commercial Code: breach of express warranty, breach of implied warranty of merchantability, and breach of warranty of fitness for a particular purpose." Utah Local Gov't Trust v. Wheeler Mach. Co., 199 P.3d 949, 955 (Utah 2008).

AccessData correctly suggests, however, the Utah Uniform Commercial Code ("Utah UCC")[3] allows a merchant seller to disclaim these express and implied warranties. See Utah Code Ann. § 70A-2-314(1) (2001) (recognizing that the implied warranty of merchantability may be "excluded or modified"); Id. § 70A-2-315 (recognizing that the implied warranty of fitness for a particular purpose may be "excluded or modified"). The Utah UCC outlines the requirements for a party to successfully exclude or modify an implied or express warranty. Id. § 70A-2-316.

Here, AccessData contends that ALSTE's arguments regarding the alleged defectiveness of the Forensic Toolkit software are entirely immaterial. At most, according to AccessData, the argument regarding the functioning of the Forensic Toolkit software implicates an issue of breach of warranty. And the Reseller Agreement allegedly disclaimed all express and implied warranties, according to AccessData. Moreover, AccessData explains that ALSTE allegedly failed to take advantage of the manufacturer's warranty that was part by the Reseller Agreement.

But even assuming, as AccessData represents, that ALSTE failed to take advantage of the warranty provided and that the Reseller Agreement successfully disclaimed all express and

---

[3]The parties do not dispute that Utah law applies.

implied warranties, the court's inquiry does not end here. ALSTE's contention that the Forensic Toolkit was defective and nonconforming raises other issues.

Utah law imposes on "every contract . . . an obligation of good faith in its performance and enforcement," that cannot be excluded or modified. Utah Code Ann. § 70A-1-304 (Supp. 2008); see also Oman v. Davis Sch. Dist., 194 P.3d 956 (Utah 2008) ("An implied covenant of good faith and fair dealing inheres in every contract. Under the covenant of good faith and fair dealing, both parties to a contract impliedly promise not to intentionally do anything to injure the other party's right to receive the benefits of the contract." (quotation and citation omitted); Rawson v. Conover, 20 P.3d 876 (Utah 2001) (discussing the duty under Utah statute and common law). And a violation of the obligation constitutes a breach of the contract. Eggett v. Wasatch Energy Corp., 94 P.3d 193, 197 (Utah 2004). The extent to which a party may invoke the obligation of good faith under Utah law "'turns on the extent to which the contracting parties have defined their expectations and imposed limitations on contract terms.'" Eggett, 94 P.3d at 198 (quoting Smith v. Grand Canyon Expeditions, 84 P.3d 1154, 1159 (Utah 2003). Whether a violation has occurred is a factual issue, which is generally inappropriate for decision as a matter of law. Oman, 194 P.3d at 968.

The evidence before the court shows that there is a factual dispute as to whether the software was defective and nonconforming. If, as ALSTE suggests, AccessData supplied a software product that was virtually unusable for its proffered purpose as a forensic tool, the fact that the Reseller Agreement allegedly disclaimed all express and implied warranties is not enough to compel a contrary conclusion.

&gt;

&gt;

**CONCLUSION**

For the reasons set forth, AcessData's Motion for Summary Judgment is denied. (Docket No. 15.) Plaintiff's Motion to Strike Surreply Declaration is denied as moot. (Docket No. 44.) Based on the representations of ALSTE's counsel during the hearing, ALSTE's Motion for Summary Judgement on jurisdiction grounds was withdrawn as moot. (Docket No. 6.)

DATED this 18th day of June 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge