IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ACCESSDATA CORPORATION, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ALSTE TECHNOLOGIES GmbH, a German limited liability company,<br><br>    Defendant. | ORDER AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:08 CV 569 (TC) |
| ALSTE TECHNOLOGIES GmbH, a German limited liability company,<br><br>    Counterclaimants,<br><br>vs.<br><br>ACCESSDATA CORPORATION, a Utah corporation,<br><br>    Counterdefendants. | |

    In this contract dispute, the court denied Plaintiff Accessdata Corporation's (AccessData) request for summary judgment. Although Defendant ALSTE Technologies (ALSTE) had allegedly received more than $83,804 in software and had allegedly failed to send payment to AccessData, the court denied the motion, noting a dispute of material fact. ALSTE submitted

evidence that the software it received to resell was defective such that it was virtually unusable for its arguable purpose. AccessData now asks the court to reconsider. It argues, yet again, that the presence of any alleged defect is immaterial and should not preclude summary judgment in the case. Because the court does not find these arguments compelling, AccessData's motion is DENIED.

As explained in greater detail in the order denying summary judgment, AccessData developed and sold a software product called the Forensic Toolkit, which was marketed as being able to help users with forensic investigations. According to an agreement between the parties, ALSTE was to receive the Forensic Toolkit software and to resell in the European Union. Although ALSTE received the software, it did not send payment. AccessData filed suit for breach of contract and filed a motion for summary judgment.

In opposing summary judgment, ALSTE argued that a factual dispute existed. ALSTE contended that AccessData had breached the contract by sending software that, despite its Forensic Toolkit name and the fact that it was marketed as being able to help with forensic investigations, was allegedly "virtually unusable as a forensic tool." (Def.'s Mem. Opp'n Summ. J., 2.; see Decl. of Tanja Giacovelli, 3 (indicating that there were "several defects associated with the product" and that the defects "make the software unfit as a forensic tool").) According to AccessData, any alleged defect was immaterial as the company had "no duty to deliver software that was 'suitable as a forensic tool.'" (Pl.'s Reply, 5, Docket No. 27.) At best, AccessData argued that the alleged defect merely implicated the software's fitness for a particular purpose, a warranty that was specifically disclaimed.

The court disagreed with AccessData's analysis and, in light of the factual dispute, denied the motion for summary judgment without prejudice. Although AccessData was correct that

Utah law allowed it to disclaim express and implied warranties, there exists in every contract an implied covenant of good faith and fair dealing that cannot be disclaimed. Through this covenant, the parties impliedly promise not to intentionally do anything to injure the other party's right to receive the benefits of the contract. And while the alleged defect ALSTE identified in the software might be simply a matter of fitness for a particular purpose, it might not be. The alleged defect might have deprived ALSTE of the benefits of the contract. The evidence submitted by ALSTE suggests that this could have been the case. And the court concluded that AccessData had failed to meet its burden in moving for summary judgment.

Now AccessData asks this court to reconsider for two reasons. First, it argues that the court erred by "resurrect[ing] expressly disclaimed warranties by invoking the implied covenant of good faith and fair dealing." (Pl.'s Mem. Supp. Mot. Reconsider, 2, Docket No. 51 (emphasis in original).) Second, AccessData argues that the court erred by allegedly misconstruing the benefit for which the parties bargained; ALSTE only contracted for the benefit of the "resale of software to its customers, not the acquisition of software ALSTE could use as a forensic tool." (Id., 3.)

The court is aware, as AccessData argues, that under Utah law, "[t]he reach of the implied covenant of good faith and fair dealing extends no further than the purposes and express terms of the contract." Smith v. Grand Canyon Expeditions Co., 84 P.3d 1154, 1160 (Utah 2003); see also Brehany v. Nordstrom, Inc., 812 P.2d 49, 55 (Utah 1991) ("Nor can a covenant of good faithg be used to nullify a right granted by a contract to one of the parties."). And the court is aware that the parties here expressly agreed to disclaim express and implied warranties, including the warranty of fitness for a particular purpose and merchantability. But summary judgment is appropriate in such cases only when "reasonable minds could not differ in concluding that the

party accused of breaching the covenant did not wrongfully exercise its discretionary power or contractual authority for a reason beyond the risks that the other party assumed or for a reason inconsistent with the other party's justified expectations." Oman v. Davis School Dist., 194 P.3d 956, 968-69 (Utah 2008).

Here, summary judgment would not have been appropriate considering the presence of a dispute of material fact regarding whether AccessData sent ALSTE software for resale that—despite the Forensic Toolkit name—was virtually unusable as a forensic device. This dispute might be an issue of fitness for a particular purpose, as AccessData suggests, but it might not be. Because the parties do not contend that ALSTE bargained to resell software that was allegedly useless, the evidence when viewed in the light most favorable to ALSTE suggests that AccessData might have breached the contract by supplying allegedly defective goods. See Eggett v. Wasatch Energy Corp., 94 P.3d 193, 197 (Utah 2004) (noting that the extent to which a party may invoke the obligation of good faith and fair dealing "turns on the extent to which the contracting parties have defined their expectations and imposed limitations on contract terms" (quotation omitted)).

Accordingly, AccessData's Motion to Reconsider is DENIED. (Docket No. 50.)

DATED this 29th day of July 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge