# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ACCESSDATA CORPORATION, a Utah corporation, | MEMORANDUM DECISION AND ORDER |
|     Plaintiff and Counterclaim Defendant, | |
| v. | Case No. 2:08cv569 |
| ALSTE TECHNOLOGIES GmbH, a German limited liability company, | |
|     Defendant and Counterclaim Plaintiff. | Chief District Judge Tena Campbell |
| | Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by Chief District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is AccessData Corporation's ("AccessData") motion to compel.[2]  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 30.

[2] *See* docket no. 59.

**BACKGROUND**

AccessData, a Utah company, develops and sells software related to electronic evidence and cryptographic systems.  In May 2005, AccessData entered into a written agreement ("Reseller Agreement") with ALSTE Technologies GmbH ("ALSTE"), a German company, under which ALSTE agreed to resell AccessData's software products to ALSTE's customers. Since that time, ALSTE has resold "hundreds, if not thousands," of approximately sixty various AccessData products.[3]  AccessData brought this breach of contract action against ALSTE for $79,804 in unpaid invoices for AccessData's Forensic Toolkit 2.0 software.  In response, while ALSTE admits that it has not paid for or returned the software, it contends that it should not be responsible for payment because the Forensic Toolkit 2.0 software is defective.  ALSTE has filed a counterclaim for breach of a technical support agreement ("Technical Support Agreement"), under which AccessData allegedly promised to pay ALSTE the equivalent of between $2,000 and $4,000 per month to provide technical support to users of AccessData's products in Germany but who were not ALSTE's customers ("non-customers").

AccessData propounded interrogatories and requests for production of documents to ALSTE regarding customer complaints and any resulting injury suffered by ALSTE. AccessData also propounded an interrogatory asking ALSTE to provide information regarding any technical support it provided to non-customers under the Technical Support Agreement. ALSTE objected to the interrogatories and requests for production of documents on the grounds that, inter alia, (1) they are overbroad, unduly burdensome, and seek irrelevant information; and

---

[3] Docket no. 65 at 6.

(2) the disclosure of information relating to third parties' identities would violate German law. AccessData then filed the instant motion to compel.

## ANALYSIS

### A.  Motion to Compel

AccessData seeks an order compelling ALSTE to provide information relating to Interrogatories No. 2 through 5 and Request for Production of Documents No. 1 through 3.  In addition, AccessData requests that ALSTE be required to provide already-produced discovery, which consists of mostly emails, in its native format.  As an initial matter, however, the court will address ALSTE's general argument that German law prohibits the production of third-party personal information and that, if it complied with the discovery requests at issue, it would "subject itself to civil and criminal penalties for violating the German Data Protection Law . . . and the German Constitution."[4]  The court will also address ALSTE's argument that, assuming AccessData's motion to compel is granted, the court should require AccessData to comply with the rules set forth in the Hague Convention for Taking Evidence Abroad with respect to private information regarding ALSTE's customers.

### (1)  German Data Protection Act and Hague Convention

While ALSTE asserts that providing personal information about its customers and their employees "would be a huge breach of fundamental privacy laws in Germany," ALSTE has failed to demonstrate the verity of this assertion.[5]  ALSTE has not cited to the particular

---

[4] *Id.*

[5] *Id.* at 8.

3

provisions of the German Data Protection Act ("GDPA") and/or German Constitution that would prohibit disclosure of personal third-party information.  Based on the court's brief review of the GDPA, it appears that it does not necessarily bar discovery of personal information.  In particular, Part I, Section 4c of the GDPA, entitled "Derogations," provides that the transfer of personal information to countries that do not have the same level of data protection "shall be lawful, if . . . the data subject has given his/her consent [or] . . . the transfer is necessary or legally required . . . for the establishment, exercise or defence of legal claims."[6]  The GDPA further states that "[t]he body to which the data are transferred shall be informed that the transferred data may be processed or used only for the purpose for which they are being transferred."[7]  ALSTE has not demonstrated that it has been unable to obtain consent from its customers or that it has even attempted to seek consent.  ALSTE has also failed to address this particular provision of the GDPA or explain why it would not apply in the instant case.

Furthermore, even assuming that the GDPA prohibited disclosure of personal third-party information, the United States Supreme Court has addressed this issue.  *See Societe Nationale Industrielle Aerospatiale v. United States District Court*, 482 U.S. 522, 544 (1987).   In that case, the Supreme Court held that "[i]t is well settled that such [blocking] statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute."  *Id.* at 544 n.29.  The Supreme Court also

---

[6] www.bfdi.bund.de/cae/servlet/contentblob/844438/publicationFile/51362/ aktualisiertesBDSG.pdf.

[7] *Id.*

4

cited to the American Law Institute Restatement, which summarizes the interplay between

blocking statues and discovery orders generally:

> "[W]hen a state has jurisdiction to prescribe and its courts have jurisdiction to
> adjudicate, adjudication should (subject to generally applicable rules of evidence)
> take place on the basis of the best information available . . . . [Blocking] statutes
> that frustrate this goal need not be given the same deference by courts of the
> United States as substantive rules of law at variance with the law of the United
> States."

*Id.* (quoting Restatement of Foreign Relations Law of the United States (Revised) § 437,

Reporter's Note 5 (1986)).

ALSTE further argues that AccessData should be required to comply with the rules set

forth in the Hague Convention for Taking Evidence Abroad with respect to private information

regarding ALSTE's customers.  The court disagrees.  As the Supreme Court also held in *Societe*

*Nationale*, "we cannot accept petitioners' invitation to announce a new rule of law that would

require first resort to [Hague] Convention procedures whenever discovery is sought from a

foreign litigant."  *Id.*  Parties might properly be required to resort to Hague Convention

procedures "in suits involving foreign states, either as parties or as sovereigns with a coordinate

interest in the litigation," or if "the additional cost of transportation of documents or witnesses to

or from foreign locations . . . increase[s] the danger that discovery [is] sought for [an] improper

purpose."  *Id.* at 546.  But neither circumstance is present in this breach of contract action where

the costs of transmitting information and electronic documents ought to be relatively minimal.

Therefore, ALSTE has failed to demonstrate that the GDPA applies or that the Hague

Convention procedures are required in this matter.  Accordingly, based on the foregoing, this

court concludes that the GDPA and Hague Convention procedures are not applicable to the discovery in this case.

### (2)  Interrogatory No. 2

Interrogatory No. 2 seeks the identification of "every instance, from January 1, 2008[,] to the present, in which you have provided technical support to any person or entity for any AccessData product that you did not resell to that person or entity."[8]  In responding to that interrogatory, AccessData requested that ALSTE provide the date and time technical support was given; the method of support (e.g., in person, telephone, email); the name of the person or entity receiving the support, and any compensation paid to ALSTE by the person or entity. ALSTE objected to this interrogatory on the grounds that (1) the term "technical support" is vague and ambiguous, (2) it is unduly burdensome and oppressive, and (3) it is irrelevant and not reasonably calculated to lead to admissible evidence.

AccessData asserts that the information this interrogatory seeks is directly relevant to ALSTE's allegation that AccessData breached the Technical Support Agreement by failing to compensate ALSTE for providing technical support to non-customers.  In its opposition to AccessData's motion, ALSTE asserts that it has answered Interrogatory No. 2 to the best of its ability, and even if compelled to do so, it could not provide further information.  In its response to this interrogatory, ALSTE stated, in relevant part, that it

> provided technical support to AccessData's German speaking customers by
> making itself available to answer questions via phone, fax and email.  No
> performance levels or minimum levels were ever discussed much less agreed

---

[8] Docket no. 61, Exhibit A at 1.

upon by either party.  Technical support was provided by ALSTE, as agreed. ALSTE did not track or record support requests, therefore, ALSTE is without sufficient information to identify each and every support request made.[9]

The court concludes that the information sought in Interrogatory No. 2 is relevant to ALSTE's breach of contract counterclaim.  That said, if ALSTE did not track or record support requests from non-customers, it obviously cannot provide the information sought.  However, ALSTE does indicate in its response that it had agreed to provide technical support via telephone, fax, and email.  Presumably, ALSTE has archived records of its faxes and emails, and perhaps, records of its telephone calls.  Accordingly, the court orders ALSTE to conduct a search of its records for emails, faxes, and any telephone calls that would be responsive to Interrogatory No. 2.  If ALSTE does not possess information responsive to this interrogatory, it shall provide an affidavit indicating that it is unable to provide information responsive to this interrogatory and specify what measures it took to locate such information.

### (3)  Interrogatory No. 3 and Request for Production of Documents No. 1

Interrogatory No. 3 seeks the identification of "every complaint you have received regarding any product resold under" the Reseller Agreement.[10]  In responding to that interrogatory, AccessData requested that ALSTE identify the customer in whose behalf the complaint was made, the actual person making the complaint, the date and time the complaint was made, and the manner in which the complaint was communicated, the product number for the specific product, and the substance of the complaint.  ALSTE objected to this interrogatory

---

[9] *Id.* Exhibit B at 8-9.

[10] *Id.* Exhibit D at 3.

on the grounds that (1) the term "complaint" and the phrase "received regarding any product resold under" the Reseller Agreement are vague and ambiguous, (2) it is unduly burdensome and oppressive, and (3) it is irrelevant and not reasonably calculated to lead to admissible evidence.[11]

In its Request for Production of Documents No. 1, AccessData seeks "all documents evidencing, referencing, summarizing, corroborating, or refuting any complaint you have received regarding any product resold under" the Reseller Agreement.[12]  Again, ALSTE objects on the grounds that the request (1) is not reasonably particularized to give notice as to what documents are sought; (2) is vague and ambiguous; (3) is overbroad, unduly burdensome, and oppressive; (4) violates the work-product doctrine because it requires counsel's judgment as to which documents "evidence," "corroborate," or "refute" "complaints"; (5) seeks information that is protected as trade secret; and (6) seeks irrelevant documents.[13]

In its memorandum in opposition to AccessData's motion, ALSTE apparently concedes "the relevancy of the information as it relates to the Forensic Toolkit 2.0 product."[14]  ALSTE nonetheless objects to the interrogatory in that it seeks information regarding transactions

---

[11] *Id.* Exhibit D at 5.

[12] *Id.* Exhibit F at 3.

[13] *Id.*

[14] Docket no. 65 at 2.

occurring prior to those at issue, dating back to May 2005, and is irrelevant to the parties'

dispute.[15]  Thus, in its response to Interrogatory No. 3, ALSTE stated, in relevant part, that

> [n]umerous "complaints" were made about the Forensic Toolkit 2.0 product.
> Several customers "complained" that the Forensic Toolkit 2.0 product: (1) had
> critical bugs; (2) did not work; (3) did not function as advertised; (4) was "junk";
> (5) crashed all the time; and (6) was simply unusable.  Such customers also
> "complained" about ALSTE's inability to provide a functional Forensic Toolkit
> 2.0 product and demanded that ALSTE attempt to resolve their issues.  After
> spending an enormous amount of time trying to resolve the customers'
> complaints, ALSTE was unable to "fix" the problems.[16]

The court agrees that requiring ALSTE to provide the specific details of every complaint for

every product sold under the Reseller Agreement is overbroad and likely irrelevant to the

parties' instant dispute.  That said, the court also concludes that the specific information sought

in Interrogatory No. 3 and Request for Production No. 1 are relevant as to the Forensic Toolkit

2.0.  The court further determines that ALSTE's response to this interrogatory is insufficient.

The court also finds ALSTE's other arguments to be unavailing.  Based on the foregoing, the

court orders ALSTE to fully respond to Interrogatory No. 3 and Request for Production of

Documents No. 1 as they relate to the Forensic Toolkit 2.0 only.

### (4)  Interrogatory No. 4 and Request for Production of Documents No. 2

Interrogatory No. 4 seeks the identification of every payment ALSTE has "received for

any product or service distributed or performed by, through, under the auspices of, or in any

---

[15] Although it is not explicitly set forth in its memorandum in opposition to AccessData's
motion, the court will presume that ALSTE objects to the document production request as well.

[16] Docket no. 61, Exhibit D at 5.

form of association with AccessData."[17]  AccessData also seeks the following specific

information: "For every such payment, your response should specify: the amount of payment, the

form of payment, the date on which the payment was made, the customer in whose behalf the

payment was made, and the product or service for which payment was made."[18]  Again, ALSTE

objects to this interrogatory on the grounds that (1) the phrase "under the auspices of, or in any

form of association with AccessData" is vague and ambiguous, (2) it is unduly burdensome and

oppressive, and (3) it is irrelevant and not reasonably calculated to lead to admissible evidence.

Likewise, in its Request for Production of Documents No. 2, AccessData seeks "[a]ll

documents evidencing, referencing, or summarizing any payment you have received for any

product or service distributed or performed by, through, under the auspices of, or in any form of

association with AccessData."[19]  Again, ALSTE objects to this document request on the grounds

that it (1) is not reasonably particularized to give notice as to what documents are sought; (2) is

vague and ambiguous; (3) is overbroad, unduly burdensome, and oppressive; (4) violates the

work-product doctrine because it requires counsel's judgment as to which documents "evidence"

payments received; (5) seeks information that is protected as trade secret; and (6) seeks

irrelevant documents.

The court concludes that information and documents regarding payments related to the

Forensic Toolkit 2.0 are relevant.  The court finds ALSTE's other objections to be unpersuasive.

---

[17] *Id.*

[18] *Id.*

[19] *Id.* Exhibit F at 5.

As such, ALSTE is ordered to provide the information sought in Interrogatory No. 4 and Request

for Production of Documents No. 2 as to the Forensic Toolkit 2.0 only.  All other information

would not likely be relevant to the parties' dispute.

### (5)  Interrogatory No. 5 and Request for Production of Documents No. 3

Interrogatory No. 5 seeks the identification of "every instance in which you have been

unable to sell or resell any product ordered or delivered under" the Reseller Agreement.[20]

AccessData also seeks the following specific information: "the product, the customer for whom

the product was ordered, the date on which the product was ordered, the date on which the

product was delivered, any purchase order or invoice number associated with the instance, and

the reason (if any) you were unable to sell or resell the product."[21]  Again, ALSTE objects on the

grounds that the interrogatory (1) is unduly burdensome and oppressive and (2) is irrelevant and

not reasonably calculated to lead to admissible evidence.

In its Request for Production of Documents No. 3, AccessData seeks "[a]ll documents

evidencing, referencing, summarizing, or otherwise relating to the attempted or completed sale

or resale of any product ordered or delivered under" the Reseller Agreement.[22]  Again, ALSTE

objects to this document request on the grounds that it (1) is not reasonably particularized to give

notice as to what documents are sought; (2) is vague and ambiguous; (3) is overbroad, unduly

burdensome, and oppressive; (4) violates the work-product doctrine because it requires counsel's

---

[20] *Id.* Exhibit D at 6.

[21] *Id.*

[22] *Id.* Exhibit F at 6.

11

judgment as to which documents "evidence" payments received; (5) seeks information that is

protected as trade secret; and (6) seeks irrelevant documents.

The court concludes that information and documents related to the attempted or

completed sale or resale of the Forensic Toolkit 2.0 are relevant.  The court has also determined

that ALSTE's other objections to these discovery requests are unpersuasive.  As such, ALSTE is

ordered to provide the information sought in Interrogatory No. 5 and Request for Production of

Documents No. 3 as to the Forensic Toolkit 2.0 only.  Again, all other information would not

likely be relevant to the parties' dispute.

### (6)  Production of Electronic Information

AccessData requests that this court order ALSTE to produce already-produced electronic

discovery in its native format.  Specifically, AccessData asserts that ALSTE has produced

electronic files containing scanned images of hardcopy printouts of emails and other documents

rather than producing them in their original electronic format or converting them to

electronically-produced PDF files.  AccessData contends that in their current format, the

documents are not reasonably searchable.

AccessData states that rule 34(b)(2)(E)(ii) of the Federal Rules of Civil Procedure

requires that ALSTE produce the emails and documents "in a form or forms in which [they are]

ordinarily maintained or in a reasonably useable form."  Fed. R. Civ. P. 34(b)(2)(E)(ii).  In

response, ALSTE argues that it did provide the documents in a "readily usable form" by

scanning all the documents and converting them to PDF format.[23]  ALSTE further argues that it

_____

[23] Docket no. 65 at 9.

would be unnecessarily burdensome and expensive to now extract specific files from its

computers and "somehow make the emails 'searchable' or fix the text to make it perfect."[24]

ALSTE contends that it should not be ordered to produce the documents again because the rule

does not require it to "produce the same electronically stored information in more than one

form." Fed. R. Civ. P. 34(b)(2)(E)(iii).

      The court does not agree. Because AccessData did not, in its requests, "specify a form

for producing electronically stored information," ALSTE was required to "produce it in a form

or forms in which it is ordinarily maintained or in a reasonably usable form." Fed. R. Civ. P.

34(b)(2)(E)(ii). The court is confident that most (if not all) of the documents already produced

would have been ordinarily maintained in an electronic format. Furthermore, as the Advisory

Committee Notes to this rule provide,

> the option to produce in a reasonably usable form does not mean that a
> responding party is free to convert electronically stored information from the form
> in which it is ordinarily maintained to a different form that makes it more difficult
> or burdensome for the requesting party to use the information efficiently in the
> litigation. If the responding party ordinarily maintains the information it is
> producing in a way that makes it searchable by electronic means, the information
> should not be produced in a form that removes or significantly degrades this
> feature.

Fed. R. Civ. P. 34(b) Advisory Comm. Notes to 2006 Amendment. In the court's experience,

scanned PDFs, as opposed to electronically-produced PDFs, are not reasonably usable.

Accordingly, the court orders ALSTE to produce the already-produced electronic discovery in its

native format or, at least, in an electronically-generated PDF format.

---

[24] *Id.* at 10.

**CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that AccessData's motion to compel[25] is **GRANTED IN PART AND DENIED IN PART**.  Within thirty (30) days of the date of this order, ALSTE shall respond to the discovery requests as set forth above.

**IT IS SO ORDERED.**

DATED this 21st day of January, 2010.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[25] *See* docket no. 59.